[Nos. 552, 553. August 7, 1893.]

# WILLIAM P. CUNNINGHAM, Appellee, v. CHARLES M. CONKLIN, Appellant.

APPEALS—To WHAT TERM RETURNABLE—WILL BE STRICKEN FROM DOCKET, WHEN.—Under section 2189, Compiled Laws, 1884, all appeals, taken less than thirty days before the next term of the appellate court, are returnable to the next succeeding term. The act of February 24, 1887, as amended by the act of January 5, 1889, making it the duty of the clerk of the supreme court to print a calendar of the cases pending in the said court, not less than five nor more than ten days before the meeting of the court, did not change the return day of appeals; and cases placed on the calendar less than thirty days before the beginning of the term are not "cases pending" within the meaning of the act, and will, on motion, be stricken from the docket.

APPEAL from the First Judicial District Court, Santa Fe County. Motion by appellant to advance cases, overruled. Motion by appellee to strike from docket, sustained.

T. B. CATRON and EDWARD L. BARTLETT for appellant.

H. L. WARREN for appellee.

PER CURIAM.—In these cases, which are consolidated for the purposes of the present consideration, appellant has filed a motion to advance, and appellee a motion to strike them from the calendar of the present term. Section 2189 of the Compiled Laws makes all appeals taken less than thirty days before the next term of the supreme court returnable to the next succeeding term. The appeals in these cases were taken less than thirty days before this term, and were not, APPEALS: when therefore, returnable to this term, and returnable: will be stricken from hence have been improperly placed on docket, when. the trial calendar, and must therefore be stricken therefrom. This, of course, disposes of the

appellant's motion to advance them. The act approved February 24, 1887, as amended by the act of January 5, 1889, entitled, "An act with reference to practice in the supreme court," did not undertake to change the return day of appeals taken to this court. It made it the duty of the clerk, not less than five nor more than ten days before the meeting of the court, to print a calendar of the causes pending in said court. We hold that these causes were not returnable to this term of the court, and were not, therefore, pending, within the meaning of the act. They had been brought to this court, and for some purposes may be considered as pending, as for instance for the purposes of these conflicting motions, but they are not pending for trial, for it is impossible to treat a case as pending for final adjudication at a term of court prior to the return term. We have not overlooked the importance to be attached to the early disposition of a case involving title to public office, but the remedy lies with the legislature, and not with this court. The appellee's motion is sustained, and the causes will be stricken from the trial docket.